UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLE L. GAMMICCHIA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,    CASE NO. 07-12097
    HON. MARIANNE O. BATTANI

    Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Before the Court are Plaintiff's Objections (Doc. #12) to Magistrate Judge Steven D. Pepe's Report and Recommendation (Doc. #11). The Magistrate Judge, ruling on Plaintiff's Motion for Summary Judgment (Doc. #9) and Defendant's Motion for Summary Judgment (Doc. #10), found that there was substantial evidence supporting Administrative Law Judge ("ALJ") Janice Bruning's decision to deny disability insurance benefits under the Social Security Act, and recommended denying Plaintiff's motion and granting Defendant's motion.

Plaintiff objected to the Magistrate Judge's Report and Recommendation, and specifically to the Magistrate Judge's conclusion that the ALJ properly discounted Plaintiff's credibility, correctly considered Plaintiff's symptoms, and accurately assessed Plaintiff's limitations.

## II. Standard of Review

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Court, in reviewing a Social Security administration decision, is limited to a determination of whether the decision is supported by substantial evidence. See 42 U.S.C. § 405(g); Sherrill v. Sec'y of Health and Human Servs., 757 F.2d 803, 804 (6th Cir. 1985).

## III. Discussion

The case at hand arises out of the denial by the ALJ of Plaintiff's claim for social security disability benefits. The ALJ, after hearing testimony from Plaintiff was deemed to be not disabled because, despite her impairments, she could still perform a number of jobs.

Plaintiff enumerates one challenge to the Magistrate Judge's report, labeled "The Magistrate Judge reported that the ALJ properly discounted the Plaintiff's credibility, effects, symptoms, and limitations of fibromyalgia." (Pl. Obj. at 2) Within this challenge, Plaintiff specifically submits that (1) that the "last mention of alcohol dependence was made on 5/16/05" (Id. at 2); (2) that "the Plaintiff's symptoms and lack of limited range of motion, joint swelling and normal strength is the norm for fibromyalgia" (Id. at 4); (3) that the "minimal activities of

daily living described by Gammicchia are not compatible with work activities" (Id. at 5); and (4) that "the Plaintiff's limitations in ability to concentrate precludes the satisfactory performance of work in a competitive work setting" (Id. at 7). The Court construes these as objections to specific findings of the Magistrate Judge. Plaintiff contends that because the ALJ and the Magistrate Judge failed to acknowledge these four facts, "the final decision of the Commissioner is not supported by substantial evidence." (Id. at 7)

### (1) Alcohol Dependence

Plaintiff challenges the Magistrate Judge's determination that alcohol abuse was a contributing factor to Plaintiff's condition. Plaintiff cites, in support of this contention, the fact that she had quit drinking four months prior to the hearing (corroborated by her treating physician), and was still experiencing pain and lack of coordination. However, as the Magistrate Judge noted, the record contained numerous instances documenting her long history of alcohol abuse. Drs. Al-Hakim, Lingaur, Halgren, Milan, and Huder all recorded Plaintiff's alcoholism and found that it was the contributing factor for Plaintiff's symptoms. Furthermore, Plaintiff's testimony as to her recent sobriety does not actually contradict the conclusion of the ALJ and the Magistrate Judge that Plaintiff's condition is largely the result of her alcoholism. In light of this record, the Court finds that substantial evidence supports the ALJ's discounting of Plaintiff's credibility on this issue.

### (2) Fibromyalgia

Plaintiff next challenges the Magistrate Judge's determination that the ALJ was correct to find that Plaintiff's claim of severe pain from fibromyalgia was unsupported by medical evidence. In support of her challenge, Plaintiff cites to cases holding that "physical

examinations will usually yield normal results -- a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." Preston v. Sec'y of Health and Human Servs., 854 F.2d 815, 817-18 (6th Cir. 1988); Lisa v. Sec'y of Health and Human Servs., 940 F.2d 40, 45 (2d Cir. 1991). However, these same cases go on to note that while "[t]here are no objective tests which can conclusively confirm the disease ... [there] is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness." Preston, 854 F.2d at 818; Lisa, 940 F.2d at 45. The medical evidence presented to the ALJ, Magistrate Judge, and this Court contains no such diagnosis that would support the inference of severe pain from fibromyalgia. As such, this objection is dismissed.

*(3) Compatibility with Work Activities*

Plaintiff also challenges the ALJ's determination that the types of daily activities she engages in are compatible with work activities. According to the uncontroverted testimony of the vocational expert engaged by the ALJ, the specific activities cited by Plaintiff in her challenge – preparing meals, washing dishes and engaging in household chores – are compatible with certain work activities. Plaintiff provides no evidence beyond mere assertion that her activities are incompatible with work. Though the Court is aware that Plaintiff has limitations in what she can ably perform, the ALJ's conclusion is supported by substantial evidence, and this objection is dismissed.

*(4) Limitations in Concentration*

Finally, Plaintiff challenges the Magistrate Judge's determination by citing to evidence that Plaintiff has trouble concentrating. In support of her challenge, Plaintiff references the

consultive psychologist's findings that determined that Plaintiff exhibited some symptoms of limited memory function. Plaintiff contends that these limitations preclude a finding that she is capable of certain work activities. However, there are only two references to mental impairments found in the medical record: anxiety disorder and adjustment disorder. The medical evidence in the record supports the ALJ's conclusion that Plaintiff's mental impairment was not severe and Dr. Halgren's diagnosis supports the ALJ's position that any limitation on Plaintiff's mental functioning would be mild. Furthermore, the report by the vocational expert acknowledged Plaintiff's medical history and took these specific limitations into account. Because there is substantial evidence supporting the ALJ's decision that Plaintiff's mental impairments would not limit her ability to work, this challenge is also dismissed.

**IV. Conclusion**

Without evidence to support Plaintiff's claims, they cannot survive summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding a party opposing summary judgment "may not rest upon the mere allegations or denials" but "must set forth specific facts showing that there is a genuine issue for trial"). Plaintiff has not presented sufficient evidence to overcome the "substantial evidence" standard for review of Social Security decisions, Sherrill, 757 F.2d at 804, and therefore she cannot defeat Defendants' motion for summary judgment.

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, **DENIES** Plaintiff's Motion for Summary Judgment, **GRANTS** Defendant's Motion for Summary Judgment, and **DISMISSES** Plaintiff's complaint.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATED: 9/10/08

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                          s/Colette A. Motowski
                                          Secretary

Dated: 9/10/08